**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| KENNETH BURNS, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:14-CV-3866-G-BH |
| | § | |
| WELLS FARGO BANK NA, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case was automatically referred for pretrial management. Before the Court is the *Motion to Dismiss and Brief in Support*, filed March 4, 2015 (doc. 12). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

This case involves the foreclosure of real property. (*See* doc. 3 at 1-2.)[1] On October 14, 2014, Kenneth Burn (Plaintiff) filed this *pro se* suit against Wells Fargo Bank, N.A. (Defendant). (*See id*.) In its entirety, his complaint states: "Fraud I am Kenneth Burns Filing pu[nitive] damages and pain and suff[er]ing." (*Id*. at 1.) The civil cover sheet lists "foreclosure" as the nature of the suit and the cause of action as: "Wells Fargo Bank commit fraud when they foreclosed on my [] house." (*Id*. at 2.) The civil cover sheet lists the damages as $5,000,000. (*Id*.)

On March 4, 2015, Defendant moved to dismiss Plaintiff's complaint. (*See* doc. 12.) With a timely-filed response (doc. 14) and a timely-filed reply (doc. 15), the motion is now ripe.

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II. RULE 12(b)(6) MOTION

Defendant moves to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 12.)

### A. <u>Legal Standard</u>

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be

granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 679.

**B.**     **Fraud**

Defendant argues that Plaintiff's fraud claim should be dismissed because it is completely devoid of any allegations that it made a false representation with knowledge of its falsity and with the intent that he act on it, or that he acted in reliance on any representation purportedly made to him. (doc.12 at 4.) Defendant also contends that Plaintiff failed to specify the who, what, when, where, or how of the alleged fraud pursuant to Fed. R. Civ. P. 9(b).[2] (*Id.*)

"The elements of fraud in Texas are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation[,] the defendant knew it was false or made the representation recklessly and

---

[2] Defendant argues for the first time in its reply brief that Plaintiff's fraud claim also fails as a matter of law because it is time-barred, based on Plaintiff's new allegations in his response regarding the time frame of the alleged fraud. (doc. 15 at 2-3.) Because the *pro se* plaintiff did not have a meaningful opportunity to respond to this new basis for dismissal, Defendant's new arguments are not considered. *See Pennsylvania Gen. Ins. Co. v. Story*, No. 3:03-CV-0330-G, 2003 WL 21435511, at *1 (N.D.Tex. June 10, 2003)("[A] court generally will not consider arguments raised for the first time in a reply brief.").

3

without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury." *Shandong Yinguang Chem. Indus. Joint Stock Co. Ltd., v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotations omitted). A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.*, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

Here, Plaintiff alleges that Defendant committed fraud when it foreclosed on his home. Liberally construing new allegations in his response as an amendment to his complaint,[3] Plaintiff

---

[3]Plaintiff's new allegations in his response are not part of the pleadings to be considered for purposes of the motion to dismiss. *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n. 3 (N.D. Tex. Aug. 15, 2014); *see also Cutrera v. Board of Supervisors,* 429 F.3d 108, 113 (5th Cir.2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010) (claim

alleges that Defendant committed mortgage fraud "in 2004 to 2008" that led to "fraud foreclosure" and the loss of his home. (R. at 14 at 1.) He also alleges in his response that Defendant "knowing and willing committed punitive damage against [Plaintiff], and pain and suffering." (*Id.*) He was allegedly rushed to "Methodist Hospital" twice and almost died the first time because his blood pressure went up. (*Id.*)

Although Plaintiff identifies the "who" and "when" with respect to his fraud claim, he fails to allege the "what," "where," and "how" with respect to any fraud claim. *See Benchmark Elecs.*, 343 F.3d at 724. Without more, his allegations fail to meet the heightened pleading requirements of Rule 9(b). Also, Plaintiff's allegations cannot plausibly entitle him to relief because they do not allege that Defendant made a material false representation to him upon which he relied to his detriment. *See Grisham v. Deutsche Bank Trust Co. Americas*, No. 4:11-cv-3680, 2012 WL 2568178, at *4 (S.D.Tex. June 28, 2012)(dismissing fraud claim for failure to state a claim where the plaintiff alleged that the defendant "committed fraud by manufacturing documentation to support its alleged ownership of the Note" but he did "not contend that [the defendant] made this material representation to *him*")(emphasis added). Plaintiff's fraud claim fails and should be dismissed under Rule 9(b) for failure to meet the rule's heightened pleading requirements, and under Rule 12(b)(6) for failure to state a claim.

---

raised for first time in response to motion to dismiss was not properly before the Court), citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir.1990). He has not sought or been granted leave to amend his complaint to add these allegations, and he has not shown that Defendant consented to an amendment. *See* Fed. R. Civ. P. 15(a)(2). Nevertheless, the *pro se* response may be liberally construed as a request for leave to amend his complaint. *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir.1992) (deciding that a response to a motion to dismiss, in which plaintiff first alleged that she had been willfully discriminated against, should be treated as a motion to amend her pleadings).

### III. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at * 1. Nonetheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has not amended his complaint since filing this action. It does not appear that he has pled his best case to the Court with respect to his fraud claim. He should therefore be accorded an opportunity to amend his complaint to state a claim for relief.

### IV. RECOMMENDATION

If Plaintiff does not file an amended complaint that states a claim for relief within the 14 days for objections to this recommendation, or a deadline otherwise set by the Court, Defendant's motion to dismiss should be **GRANTED,** and Plaintiff's fraud claim should be dismissed with prejudice. If Plaintiff timely files an amended complaint, however, Defendant's motion to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

**SO RECOMMENDED** on this 7th day of October, 2015.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE